## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------------
KAYLA FINK                              :
620 Stoney Creek Dr.                    :
Dauphin, PA 17018                       :
                                        :
              Plaintiff,                :
                                        :      Civil Action No.: _____
       v.                               :
                                        :      JURY TRIAL DEMANDED
PAUL DAVIS RESTORATION                  :
1704 Hempstead Road                     :
Lancaster, PA 17601                     :
                                        :
              Defendant.                :
-------------------------------------------------------------
```

### COMPLAINT – CIVIL ACTION

Plaintiff, Kayla Fink (née Leach) ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Paul Davis Restoration ("Defendant"), alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this action contending that Defendant unlawfully failed to pay her overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.* Plaintiff also brings this complaint to redress violations by the Defendant of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

2.     Plaintiff was an employee of Defendant employed in the position of Mitigation Administrator. Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for her work in that Plaintiff was not paid an overtime premium at 1.5 times her regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this

regard, Plaintiff contends that Defendant unlawfully misclassified her as an employee exempt from overtime compensation under the FLSA and PMWA, and failed to accurately track and pay her for all hours worked. Plaintiff contends that she was owed unpaid wages and overtime compensation which was denied to her as a result of Defendant's unlawful pay practices. As a result, Plaintiff has suffered damages as set forth herein.

<u>**PARTIES**</u>

3.      Plaintiff Kayla Fink (née Leach) is a citizen of the United States and Pennsylvania, and currently maintains a residence at 620 Stoney Creek Dr., Dauphin, PA 17018.

4.      Defendant Paul Davis Restoration, is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 1704 Hempstead Road, Lancaster, PA 17601.

5.      Defendant is a "private employer" and covered by the FLSA.

6.      Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sale or business done of at least $500,000, and has multiple employees (including, but not limited to, Plaintiff) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

7.      Plaintiff was an employee who was engaged in commerce and employed by Defendant during all times relevant hereto and, as such, was an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

8.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

9.     On or about June 4, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2018-04096.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

10.     By correspondence dated September 4, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

11.     Plaintiff filed the instant action within the statutory time frame applicable to her claims.

12.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

13.     This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq*.

14.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

15.     This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

16.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

**FACTUAL BACKGROUND RELATED TO FLSA/PMWA CLAIMS**

17.     Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18.     In or around September 5, 2017, Defendant hired Plaintiff in the position Mitigation Administrator.

19.     At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no significant discipline.

20.     In her capacity as Mitigation Administrator, Plaintiff's primary job duties involved the performance of routine mental and manual work for Defendant.

21.     In this regard, Plaintiff was responsible for new intakes for losses, payroll and timesheets, dispatch, and was occasionally "on call."

22.     During the course of her employment, Plaintiff performed a substantial percentage of her job within the Commonwealth of Pennsylvania.

23.     Plaintiff was paid on a salary basis for compensable work performed.

24.     Plaintiff worked approximately fifty (50) hours per workweek.

25.     Plaintiff would regularly begin her workday between 6:00 AM and 7:30 AM and continued working until at least 5:00 PM while remaining "on call" at all hours.

26.     Despite the fact that Plaintiff typically worked in excess of forty (40) hours per week, she did not receive any overtime compensation for overtime hours worked.

27.   Plaintiff was classified as an employee "exempt" under the FLSA and PMWA by Defendant, was paid on a salary basis, and was not considered eligible by Defendant to receive overtime compensation for hours worked over forty (40) in a workweek.

28.   Plaintiff was misclassified by Defendant as an "exempt" employee and was, in actuality, a non-exempt employee of Defendant within the meaning of the FLSA and PMWA.

29.   Defendant maintained significant control over the manner by which Plaintiff performed her duties as Mitigation Administrator.

30.   In this regard, Plaintiff was assigned a work schedule by Defendant, who instructed Plaintiff when and where to work.

31.   Upon information and belief, Plaintiff was required to perform her work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant.

32.   During a typical average workweek, Plaintiff generally worked approximately fifty (50) hours.

33.   For example, during the workweek of October 23, 2017, Plaintiff worked approximately fifty (50) hours, generally beginning work at 7:30 AM and continuing to work until 6:00 PM, Monday through Friday.

34.   Despite working approximately five (5) hours of overtime during the aforementioned workweek, Plaintiff received no overtime compensation. Instead, Plaintiff received only her salary.

35.   Upon information and belief, Defendant was aware of the excess hours worked by Plaintiff.

36.   Plaintiff does not qualify for the exemption for executive, administrative, or professional employees under the FLSA and PMWA.

37.    Plaintiff does not have the authority to hire, fire, or discipline other employees of Defendant, nor does she make recommendations with respect to employee status changes to which Defendant gives substantial weight.

38.    Accordingly, Plaintiff does not qualify for the exemption for executive employees under the FLSA/PMWA.

39.    Upon information and belief, Plaintiff does not perform non-manual work directly related to Defendant's management or general business operations, nor does Plaintiff exercise discretion or independent judgment regarding matters of significance to Defendant.

40.    Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

41.    Plaintiff's primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.  In this regard, Plaintiff's job duties do not require the consistent exercise of discretion and judgment, as distinguished form the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff was required to perform her job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

42.    Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

43.    Finally, there was no other exemption under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

44.     Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant and therefore entitled to overtime compensation for all hours she worked over forty (40) in a workweek.

45.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## FACTUAL BACKGROUND RELATED TO TITLE VII/PDA/PHRA CLAIMS

46.     Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47.     At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no significant discipline.

48.     During Plaintiff's employment, Plaintiff was told she was learning her job duties in a quick manner.

49.     In or around November 2017, Plaintiff notified Defendant, including Defendant's Chief Operating Officer, John Vogt ("Mr. Vogt"), that she was pregnant.

50.     Upon disclosing Plaintiff's pregnancy, Mr. Vogt did not respond or say anything.

51.     Approximately two (2) weeks after Plaintiff notified Mr. Vogt of her pregnancy, Mr. Vogt called Plaintiff into a meeting and stated that he believed she was not happy in her position.

52.     Additionally, Mr. Vogt asked Plaintiff, "what can you do to improve and convince me that you are happy in your position?"

53.     Plaintiff responded to Mr. Vogt that she was indeed happy, enjoyed the challenge of her position, and was unsure what more she could do to convince him.

7

54.     On or around December 15, 2017, a member of Defendant's Human Resources team, Ashley Fox ("Ms. Fox"), and one of Defendant's Supervisors, Andrea Nivenberg ("Ms. Nivenberg"), called Plaintiff into a meeting with them.

55.     During this meeting, Plaintiff was told that Mr. Vogt was not convinced Plaintiff was happy working with Defendant and, as such, she was being terminated.

56.     It is believed and therefore averred that Defendant terminated Plaintiff on the basis of her gender and pregnancy in violation of the PDA, Title VII, and the PHRA.

57.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

58.     Paragraphs 1 through 57 are hereby incorporated by reference as though the same were fully set forth at length herein.

59.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

60.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular of pay, for all hours worked in excess of forty (40) hours per week.

61.     Defendant misclassified Plaintiff as an "exempt" employee, rather than a non-exempt employee within the meaning of the FLSA, thus failing to pay her overtime compensation, for all hours worked over forty (40) in a workweek.

62.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

63.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable provisions.

64.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff for work performed in excess of forty (40) hours per week;

C.     Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.     Awarding pre-and post-judgment interest and court costs as further allowed by law; and

G.     All additional general and equitable relief to which Plaintiff may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

65.     Paragraphs 1 through 64 are hereby incorporated by reference as though the same were fully set forth at length herein.

66.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

67.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

68.     Plaintiff was based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things, as described above, the fact that she regularly reported to and performed work for Defendant within the Commonwealth of Pennsylvania, received directives from Defendant's management in Pennsylvania, and was supervised and subject to decision-making concerning the terms and conditions of their employment by Defendant's Pennsylvania-based management.

69.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff.

70.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1969, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B.      An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.      An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq.***
**<u>GENDER DISCRIMINATION</u>**

71.      Paragraphs 1 through 70 are hereby incorporated by reference as though the same were fully set forth at length herein.

72.      Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

73.      Plaintiff is a female and, as such, is a member of a protected class.

74.      After Plaintiff disclosed her pregnancy, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, inter alia, her gender.

75.      Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's gender, in violation of Title VII.

76.      Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

77.     Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, inter alia, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT IV**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT**
**42 U.S.C. § 2000e,** *et seq.*
**PREGNANCY DISCRIMINATION**

78.     Paragraphs 1 through 77 are hereby incorporated by reference as though the same were fully set forth at length herein.

79.     Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

80.     During Defendant's unlawful discrimination, Plaintiff was pregnant and, as such, was a member of a class protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), et seq., from unlawful discrimination because of pregnancy.

81.     After Plaintiff disclosed her pregnancy, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, inter alia, her pregnancy.

82.     Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's pregnancy, in violation of Title VII, as amended by the PDA.

83.     Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

84.     Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, inter alia, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, and personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT V
## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. § 951, *et seq.*
### GENDER DISCRIMINATION

85.      Paragraphs 1 through 84 are hereby incorporated by reference as though the same were fully set forth at length herein.

86.      The conduct described above constitutes a violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq., and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Compensatory damages in an amount to be determined at trial;

C.      Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


                                        Respectfully submitted,

                                        **MURPHY LAW GROUP, LLC**

Date: December 2, 2020

                                        By: */s/ Sarah Manning, Esq.*
                                            Sarah Manning, Esq.
                                            Eight Penn Center, Suite 2000
                                            1628 John F. Kennedy Blvd.
                                            Philadelphia, PA 19103
                                            TEL: 267-273-1054
                                            FAX: 215-525-0210
                                            smanning@phillyemploymentlawyer.com
                                            *Attorney for Plaintiff*

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.